UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAMERON INDUSTRIES, INC.

                         Plaintiff,

      -against-

MYSTIQUE APPAREL GROUP, INC.

                       Defendant.
-----------------------------------------------------------------X

08 Civ. 3779 (JES)

RULE 7.1 STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, the undersigned attorney of record for the defendant (a private, non-governmental party), certifies that there are no corporate parents, and no corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

Dated:    New York, New York
             May 28, 2008

                                                  /S/  Gilbert A. Lazarus, Esq.
                                                        Signature of Attorney
                                                        Attorney Bar Code {GAL-1025}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAMERON INDUSTRIES, INC.

                                08 Civ. 3779 (JES)

            Plaintiff,

    -against-                                 ANSWER

MYSTIQUE APPAREL GROUP, INC.

           Defendant.
------------------------------------------------------------X

      Mystique Apparel Group, Inc. ("Mystique") by its attorneys, Lazarus & Lazarus, P.C., as and for their answer to the Complaint of the Plaintiff, Cameron Industries, Inc. ("Cameron"), alleges as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "1" insofar as the same alleges the nature of the Plaintiff's action, except refers to the Complaint for the best evidence thereof, and in any event, denies any act, conduct or omission on Defendant's part giving rise to a claim, cause of action or remedy to Plaintiff for, on account of, or related to the laws, rules and statutes referenced therein.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered "2".

3. Defendant denies it maintains a place of business at 1401 Broadway, New York, New York 10018 and admits the remaining allegations in paragraph of the Complaint marked and numbered "3".

4.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "4".

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "5".

6.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "6".

7.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "7".

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "8".

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "9".

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "10", except refers to Exhibit A to the Complaint for the contents thereof.

11. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "11".

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "12" insofar as they relate to Exhibits B and C of the Complaint and refers to Exhibits B and C for the contents thereof and denies any act, conduct or omission on Defendant's part giving rise to a claim, cause of action or remedy to Plaintiff.

13. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "13".

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "14".

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "15".

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph of the Complaint marked and numbered "16".

17. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "17".

18. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "18".

19. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "19".

20. Defendant denies each and every allegation in paragraph of the Complaint

marked and numbered "20".

21. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "21".

22. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "22".

23. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "23".

24. Defendant denies each and every allegation in paragraph of the Complaint marked and numbered "24".

### FIRST AFFIRMATIVE DEFENSE

25. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26. Upon information and belief, the alleged copyrighted works subject of the Complaint are insufficiently original to warrant protection under the Copyright laws of the United States.

### THIRD AFFIRMATIVE DEFENSE

27. The Plaintiff's claims must fail because, upon information and belief, the Defendant's works of art were independently created.

### FOURTH AFFIRMATIVE DEFENSE

28. The Plaintiff's claims must fail because the works of art subject hereof are not substantially similar.

WHEREFORE, and for the reasons stated herein, Defendant demands judgment dismissing Plaintiff's Complaint and for such other, further and different relief as this

Court deems just and proper.

Dated:    New York, New York
           May 28, 2008

                                  LAZARUS & LAZARUS, P.C.

                              By:   /S/ Gilbert A. Lazarus, Esq.
                                        Gilbert A. Lazarus {GAL-1025}
                                        Attorneys for Defendant
                                        240 Madison Avenue
                                        New York, New York 10016
                                        (212) 889-7400

TO:    SCHLACTER & ASSOCIATES
         Attorneys for the Plaintiff
         450 Seventh Avenue
         New York, New York, 10123
         ATTENTION: JED SCHLACTER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAMERON INDUSTRIES, INC.                :

                                                               :    <u>08 Civ. 3779 (JES)</u>

                                 Plaintiff,        :

        *-against-*                                     :

                                                                :

MYSTIQUE APPAREL GROUP, INC.     :

                                       Defendant.      :

------------------------------------------------------------X

STATE OF NEW YORK    )
                                 )SS.:
COUNTY OF NEW YORK  )

       Erin Walsh, being duly sworn, deposes and says:

       I am not a party to this action, I am over the age of 18 years and I reside in Brooklyn, New York.

       On May 28, 2008, I mailed true copies of the following document(s): **RULE 7.1 STATEMENT**; enclosed in a sealed wrapper for overnight delivery to the following:

                                **SCHLACTER & ASSOCIATES**
                                Attorneys for the Plaintiff
                                450 Seventh Avenue
                                New York, New York 10123
                                **ATTENTION: JED SCHLACTER, ESQ.**

Sworn to before me this
28th day of May, 2008                          /S/     Erin Walsh
                                                                          ***ERIN WALSH***

/S/    Notary Public
        Notary Public No.: 02LA4966885 Expires May 21, 2010